**UNITED STATES, Appellee,**

v.

**Jude N. GENTILE, Private, U. S. Army, Appellant.**

**No. 29,323.**

U. S. Court of Military Appeals.

June 27, 1975.

Colonel Victor A. DeFiori, Major James Kucera, Captain William J. Guinan, Captain Michael L. Quirk, and Captain Anthony J. Siano were on the pleadings for Appellant, Accused.

Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, and Captain Richard S. Kleager were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

The accused's persistent threats to remove his clothing in the presence of the court members if he were forced to stand trial in a military uniform prompted the military judge to order the accused handcuffed. Appellant now contends that he was deprived of a fair and impartial trial as a result of the judge's order.

 As a general proposition, an accused is entitled to appear at his trial free from physical restraint. *Way v. United States,* 285 F.2d 253 (10th Cir. 1960); *State v. Roberts,* 86 N.J.Super. 159, 206 A.2d 200 (1965). That general rule must yield where an individual disrupts or evidences an intention to disrupt the orderly proceedings of the court. *United States v. West,* 12 U.S.C. M.A. 670, 674, 31 C.M.R. 256, 260 (1962); *United States v. Henderson,* 11 U.S.C.M.A. 556, 563, 29 C.M.R. 372, 379 (1960). Determining whether to restrain the accused and, if so, the degree of restraint necessary to maintain dignity, order, and decorum in the courtroom are matters within the sound discretion of the military judge. *United States v. West, supra.* As noted by the Supreme Court of the United States in *Illinois v. Allen* : [1]

We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining appropriate courtroom atmosphere will be best in all situations.

Prior to assembling the court, the military judge afforded the accused no less than six opportunities to retract his avowed intention to disrobe if his handcuffs were removed. On each occasion, Private Gentile refused to give such assurances. The military judge twice informed the accused that should he subsequently have a change of heart, he should so advise the court, and the handcuffs would be removed. *Illinois v. Allen, supra.* In addition to ordering the trial counsel to assure that Private Gentile was not seen by the jury during recesses of the court, the military judge cautioned the accused to keep his hands below the counsel table and out of sight. Finally, the military judge twice instructed the jury to draw no adverse inferences from the accused's appearance at trial in handcuffs.

 Despite these precautions, trial defense counsel maintained that the accused should be permitted to stand trial in civilian clothing. Paragraph 60, Manual for Courts-Martial, United States, 1969 (Rev.) authorizes the military judge to prescribe the proper attire for an accused standing trial. Thus, it was within his authority to require Private Gentile to appear in a prop-

---

1. 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

er military uniform. We can perceive no circumstance which would have been more detrimental to appellant's interests than permitting him to appear in civilian attire where the sole charge on which he was being tried was disobedience of an order to put on a uniform.

We also reject the suggestion of appellate defense counsel that the accused was entitled to stand trial without handcuffs until he once disrupted the proceedings. When an individual has announced on six separate occasions his intention to disrupt the trial, we perceive no rational basis for concluding that the military judge must "take the dare," running the risk that the accused will further inflame the jury to his own detriment. *Loux v. United States*, 389 F.2d 911 (9th Cir. 1968).

The record commendably demonstrates that the military judge did everything within his power not only to persuade Private Gentile to wear the appropriate uniform voluntarily, but also to minimize the prejudicial impact of appellant's stated intentions.

The decision of the United States Army Court of Military Review is affirmed.