**UNITED STATES, Appellee,**

v.

**Delbert B. BROWN, Aviation Ordnance Airman Recruit, U.S. Navy, Appellant.**

No. 54,242.
NMCM 85 3198.

U.S. Court of Military Appeals.

Jan. 5, 1987.

For Appellant: *Lieutenant Colonel Richard E. Ouellette*, USMC (on brief).

For Appellee: *Captain Carl H. Horst*, JAGC, USN, *Major H.A. Crocker*, USMC, *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN (on brief).

*Opinion of the Court*

PER CURIAM:

Appellant was convicted of a single specification of distributing marihuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. His adjudged and approved sentence extends to a bad-conduct discharge, confinement for 3 months, and forfeiture of $413.00 pay per month for 3 months. The Court of Military Review affirmed. We granted review.*

At his trial, appellant testified on the merits and denied that he had engaged in "a drug transaction" with the informant around February 27, 1985. Over defense objection, trial counsel was permitted to question appellant during cross-examination about a punishment which he had received under Article 15, UCMJ, 10 U.S.C. § 815. Appellant denied that he had used marihuana around February 27, 1985, but admitted that he had a positive urinalysis on March 1, 1985, and had received an Article 15. The military judge instructed the members that evidence that appellant "may have used marihuana" was admitted for the limited purposes of showing that appellant "had the opportunity to commit the offense and" rebutting his "contention . . . that his presence" at the scene of the crime "was innocent."

The Court of Military Review found that it was error to elicit from appellant that he had received the Article 15. However, that court found the error was "harmless . . . in

---

* The granted issue was as follows:
WHETHER THE MILITARY JUDGE ERRED BY PERMITTING THE GOVERNMENT COUNSEL, OVER DEFENSE OBJECTION, TO QUESTION THE APPELLANT ABOUT EARLIER ACTS OF UNCHARGED MISCONDUCT NOT RELATING TO TRUTHFULNESS, IN VIOLATION OF MIL.R.EVID. 608.

view of" appellant's "concurrent admission that the nonjudicial punishment was based on a positive urinalysis" and the military judge's proper admission of the evidence under Mil.R.Evid. 404(b), Manual for Courts-Martial, United States, 1984.

■ A nonjudicial punishment is not a prior conviction and, therefore, not admissible under Mil.R.Evid. 609. *United States v. Cofield*, 11 M.J. 422 (C.M.A. 1981). Thus, the Court of Military Review properly concluded that evidence that appellant had received an Article 15 was improperly admitted.

■ Under Mil.R.Evid. 403, evidence relevant for a permissible purpose may still be found inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Owens*, 21 M.J. 117 (C.M.A. 1985). The notion that using marihuana rebuts innocent presence at the scene of the crime or that it shows the opportunity to distribute marihuana is tenuous at best, even where the crimes occurred at about the same time. On the other hand, showing that appellant had a positive urinalysis which led to an Article 15 for using marihuana would tend to convince the court members to conclude that the appellant was a bad person and, therefore, had committed the charged offense. Consequently, evidence that appellant had a positive urinalysis was improperly admitted under Mil.R.Evid. 403. Considering the record as a whole, we believe the error was prejudicial to appellant.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed, and the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge SULLIVAN did not participate.