UNITED STATES

v.

**Technical Sergeant Yul W. TAYLOR, FR 562–08–9161, United States Air Force.**

**ACM 28675.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 April 1990.

Decided 14 Nov. 1990.

Appellate Counsel for the Appellant: Major Ronald G. Morgan and Captain David D. Jividen.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr.; Major Brenda J. Hollis and Captain Leonard R. Rippey.

Before MURDOCK, KASTL and MILLS, Appellate Military Judges.

DECISION

KASTL, Senior Judge:

■ Technical Sergeant Taylor complains that there is no indication in the record that he receipted for his copy of the staff judge advocate's recommendation in accordance with R.C.M. 1106(f)(1). *See also* Air Force Regulation 111–1, *Military Justice Guide*, para. 15–6 (30 September 1988). An affidavit from a paralegal technician assigned to the Office of the Staff Judge Advocate of the convening authority confirms that Taylor indeed was served with that document.[1] We find his complaint without merit.

Another matter detains us. For reasons not otherwise explained, Taylor appeared at trial without his prescribed uniform service dress coat. The military judge noted

1. The appellate government Motion to Submit Document, dated 1 October 1990, is GRANTED.

on the record that the trial defense counsel had informed him of the situation prior to trial. The judge, in turn, cautioned the members that: (a) Taylor was unable to appear in proper uniform "due to unexpected circumstances"; and (b) there should be no speculation among the members as to why.

R.C.M. 804(c)(1) discusses the appearance of the accused at trial: he or she "shall be properly attired in the uniform or dress prescribed by the military judge." *See also* Discussion, R.C.M. 804(c)(1). Counsel should be aware that the Court of Military Appeals has condemned laxity in this area. *United States v. West*, 12 U.S.C.M.A. 670, 31 C.M.R. 256, 260 (1962) is perhaps the leading case. *See also United States v. Gentile*, 23 U.S.C.M.A. 462, 50 C.M.R. 481, 1 M.J. 69 (1975) and *United States v. Blocker*, 30 M.J. 1152, 1154–1155 (A.C.M.R.1990). We believe the matter was eloquently expressed in *United States v. Whitehead*, 27 C.M.R. 875, 876 (N.B.R. 1959):

> It cannot be denied, we think, that the sight of the accused at trial, as he is arraigned, as he testifies ... as he confers with counsel, and as he stands to be sentenced, is part of the 'silent evidence' in the case. Accordingly, it is but part of a full and fair proceeding that he be entitled to stand before the court-martial as a sailor should, neat, clean and sharp, in the uniform-of-the-day, complete with merited insignia, ribbons and decorations. Anything less must be presumed to be prejudicial *pro tanto*. This presumption contemplates that nothing is more inflammatory to an officer of the military than to see a member of his service 'out of uniform' or wearing a soiled or ill-fitting uniform.

*See also United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226, 229 (1963); *United States v. Daggett*, 34 C.M.R. 706 (N.B.R. 1963).

---

2. One successful trial practitioner routinely requires any accused to report to him in uniform, with ribbons correctly mounted and appearance impeccably within "35–10 standards" on the day

For a military accused, his court-martial is the main event—not a tryout on the road. We concur fully with the apt language of *Whitehead* and further caution that Rule 804 places the duty for ensuring that the accused is properly attired upon the accused *and his defense counsel.*

Under the unique circumstances of *Whitehead*, the Navy Board of Review found that a sailor had been deprived of a fair trial. We discern no prejudice to the appellant here, given the military judge's cautionary instruction, lack of defense objection, and clarification under Rule 804 as to when the duty lies for an accused's good appearance. *See Blocker*, 30 M.J. at 1152 and cases cited. Nevertheless, we write to insure that a valued lesson from the past will not be forgotten.[2] *See* Winthrop, Military Law and Precedents, (2d Ed.1920 reprint) 161.

The findings of guilty and the sentence are correct in law and fact and, upon the basis of the entire record, are

AFFIRMED.

Senior Judge MURDOCK and Judge MILLS concur.

---

*prior* to trial. In this way, counsel can correct any faults before the accused presents himself to the triers of fact.