**UNITED STATES, Appellee,**

v.

**Private E1 Ransey RAYFORD, Jr., 427–02–0741, United States Army, Appellant.**

**ACMR 9001040.**

U.S. Army Court of Military Review.

30 Aug. 1991.

---

**748**

For Appellant: Captain Mark L. Toole, JAGC (argued), Captain Brian D. Bailey, JAGC, (on brief).

For Appellee: Captain Timothy W. Lucas, JAGC (argued), Colonel Alfred F. Ar-quilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Pursuant to mixed pleas, the appellant was convicted of absence without leave, distribution of cocaine (two specifications), solicitation to possess cocaine, and using a telephone to facilitate distribution of cocaine, in violation of Articles 86, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, and 934 (1982 and Supp. V 1987) [hereinafter UCMJ], respectively. The military judge sitting as a general court-martial sentenced the appellant to a dishonorable discharge, confinement for thirty months, and forfeiture of all pay and allowances. The convening authority approved the sentence.

### I.

The appellant asserts that the military judge erred by admitting into evidence a nine-year-old record of punishment under Article 15, UCMJ, for transfer and sale of marijuana. The appellant testified in his own defense that he was entrapped into distributing cocaine. During cross-examination, the trial counsel elicited the following information from the appellant:

Q. And on the 19th of October, 1989, you were convicted of using cocaine, right?

A. Yes, sir, I was.

Q. Okay. And on 17 November '80, you sold marijuana at Fort Sill, didn't you?

A. No, sir, I didn't.

Q. You didn't?

A. I accepted an Article 15 for the sale of marijuana, sir, on the advice of my first sergeant, the CO, and my battalion commander.

DC: Sir, the defense would object to the introduction of the Article 15—sir, in that—though it may be otherwise admis-

sible, it's highly prejudicial to my client, sir.

TC: Sir, the defense here is entrapment. This indicates obvious predisposition.

ACC: No, sir, the Article 15—

TC: Excuse me, we're talking to the judge right now.

MJ: The objection by the defense is overruled.

The trial counsel then offered the written record of the Article 15 into evidence as an exhibit. The defense counsel made a further objection that the Article 15 was purely an administrative procedure and not an admission of guilt.[1]

The trial counsel argued that the evidence was admissible and that the age went to evidentiary weight and not admissibility. The trial counsel also argued, erroneously, that the nonjudicial punishment was a prior conviction.[2] The military judge overruled the objection and accepted the copy of the record of nonjudicial punishment into evidence.

 The appellant now contends that the record of nonjudicial punishment contained inadmissible hearsay and should not have been admitted. We need not determine the merit of this contention because the issue was waived by the trial defense counsel's failure to timely object on this particular ground. Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 103(a)(1). The appellant argues alternatively that, if admissible, its prejudice outweighed its probative value. We agree that its age minimized its value; however, it was some evidence of predisposition. We find the appellant's citation to *United States v. Brown*, inapposite. Unlike *Brown*, the nonjudicial punishment here was for misconduct probative of predisposition. Finally, even if error, it was harmless in view of the strong evidence of predisposition in this case.

## II.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant personally asserts: (1) that the military judge utilized the wrong maximum punishment for the offense of using the telephone to facilitate drug distribution in violation of Article 134, UCMJ, and 21 U.S.C. § 843(b); and (2) that he should have been tried as a staff sergeant (E6) and not as a Private (E1). We disagree as to the first contention and agree as to the second.

Both allegations arise because of the status of a previous court martial conviction. The appellant had been a staff sergeant prior to his conviction at a previous court-martial in October 1989. The sentence included a bad-conduct discharge, partial forfeitures, and reduction to Private E1. The convening authority approved the sentence. On 30 March 1990, this Court, finding error in the staff judge advocate's post-trial recommendation, set aside the action and returned the record for a new recommendation and action. *United States v. Rayford*, ACMR 8903321 (A.C.M.R. 30 March 1990) (unpub.). Six days later, when the appellant was tried in the instant court-martial, word of this Court's decision had not yet reached Fort Hood, the situs of both trials. Military authorities there were not aware that the action had been set aside. As a consequence, the second court-martial relied on the sentence-enhancing provisions of 21 U.S.C. § 843 for persons with prior convictions in sentencing the appellant at his second court-martial. Further, the issue of the appellant's correct rank was never raised and he was tried as a Private (E1).

 The appellant is correct in noting that the maximum punishment for using the telephone to facilitate drug distribution depends on prior convictions. Under 21 U.S.C. § 843(b), the maximum punishment for a first-time offender is four years. If the defendant has one or more convictions,

---

1. It is unclear from the record whether the defense counsel's objection was also an additional objection to the unsolicited testimony of her client regarding his receipt of the nonjudicial punishment. Even if we assume that the defense counsel's objection includes the gratuitous testimony, our resolution of this issue remains the same.

2. *See United States v. Brown*, 23 M.J. 149 (C.M.A.1987).

the maximum punishment is eight years. However, we find that the military judge did not err in using the eight-year maximum for this offense. The previous court-martial, despite the need for a new action, was a "conviction." For purposes of sentencing, a "conviction" occurs in military law when the sentence is adjudged. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b)(3)(A).

■ Regarding the appellant's second contention, he argues that the effective date of a reduction, both punitively and administratively as the result of Article 58a, UCMJ, 10 U.S.C. § 858a, is the date it is ordered executed. *See* Article 57(c) and 58a(a), UCMJ, 10 U.S.C. § 857(c). When the action is set aside, he is restored to his previous rank. His logic is correct. *See United States v. Foecking,* 46 C.M.R. 46, 50 (C.M.A.1972). But, the result in this case is not necessarily substantial error.

As we have previously said:

> The right of an accused to appear in a correct uniform, with insignia of rank and authorized decorations and badges, is based on the presumption of innocence. *Kennedy v. Cardwell,* 487 F.2d 101 (6th Cir.1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). An accused is entitled to appear in court as a responsible member of the military community, not as a convicted criminal.

*United States v. Blocker,* 30 M.J. 1152, 1154 (A.C.M.R.1990). This right is not to be taken lightly. *See United States v. Taylor,* 31 M.J. 905, 906 (A.F.C.M.R.1990), and cases cited therein.

■ Under the unique circumstances of the instant case, the appellant's rank had been temporarily "restored" by this Court's action in returning the record for a new review and action. His conviction, however, remained intact for purposes of sentencing. He had the rank but not the presumption of innocence as to his first trial. He was indeed a "convicted criminal" at his second trial. We find that the

inadvertent error of trying the appellant as a private would have had little impact on the court in light of the serious nature of the offenses and the appellant's past conviction for using cocaine.[3] Nevertheless, we will reassess the sentence.

Finally, the appellant asserts ineffectiveness of counsel. In response thereto, the trial defense counsel has submitted an affidavit pursuant to our order. Having reviewed the allegations and the defense counsel's response thereto, we find no merit whatsoever in the assertion of error. The defense counsel more than adequately met the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *United States v. Scott,* 24 M.J. 186 (C.M.A.1987).

We have personally reviewed the remaining assertions of error, including those personally raised by the appellant, and find them to be without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, mindful of *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the Court affirms the sentence.

Senior Judge JOHNSON and Judge WERNER concur.

---

3. The appellant's return to staff sergeant status was fleeting. The convening authority again approved the sentence on 10 June 1990 following a new staff judge advocate's recommenda-tion. On 10 October 1990, this Court affirmed the findings and sentence in this first court-martial. *United States v. Rayford,* ACMR 8903321 (A.C.M.R. 10 October 1990) (unpub.).