842

UNITED STATES

v.

Christian M. SCHWAB, 365 86 6567,
Private (E-1), U.S. Marine Corps.

NMCM 89 3189.

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 14 July 1989.

Decided 15 March 1990.

and were thus excludable under R.C.M.

LT Fredric D. Firestone, JAGC, USNR,
Appellate Defense Counsel.

LCDR D.P. Fry, JAGC, USNR–R, Appellate Defense Counsel.

Maj Rose Marie Favors, USMC, Appellate Government Counsel.

Before McLERAN, Senior Judge, and
HILTON and RUBENS, JJ.

PER CURIAM:

In accordance with his pleas, the military judge sitting alone as a special court-martial convicted appellant of three specifications of failure to go to appointed place of duty, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, disobedience of a lawful order, in violation of Article 92, UCMJ, 10 U.S.C. § 892, and breaking restriction in violation of Article 134, UCMJ, 10 U.S.C. § 934. On 14 July 1989, appellant was sentenced to a bad-conduct discharge, confinement for 3 months, and forfeiture of $400.00 pay per month for 3 months. A pretrial agreement required the convening authority to suspend all confinement in excess of 60 days, and as a consequence appellant was released from confinement on 21 July 1989 after being credited with 42 days of pretrial confinement. On 10 September 1989, the convening authority approved the sentence as adjudged.

■ Events occurring between the trial and the action of the convening authority caused this court to specify the following issue:

MAY A SENTENCE SUSPENSION BE VACATED BASED UPON A VIOLATION OF A CONDITION WHICH OCCURRED AFTER SENTENCING BUT BEFORE THE ENTIRE SENTENCE TO CONFINEMENT HAD RUN BY OPERATION OF LAW AND PRIOR TO THE CONVENING AUTHORITY'S ACTION SUSPENDING THE SENTENCE?

The following chronology portrays the events which caused appellant to be illegally confined for 24 days:

707(c)(9).

| | |
|---|---|
| 2 June | Pretrial confinement begins |
| 14 July | Date of trial (42 days of pretrial confinement credit to date) |
| 21 July | Release from confinement (60 days unsuspended confinement less 42 days pretrial confinement credit and 10 days good time credit) |
| 25 July | Returned to confinement because of offenses occurring on 25 July (confinement order notes that appellant was confined as a result of a vacated suspension) |
| 1 Aug | Vacation proceedings |
| 18 Aug | Remaining confinement suspended for 6 months |
| 28 Aug | Officer Exercising General Court–Martial Jurisdiction (OEGCMJ) approves recommendation to vacate suspended confinement |
| 10 Sep | CA's action |

The convening authority's action states, in part:

In the case of [appellant], the sentence is approved, and ordered executed. However, all confinement not served as of 18 August 1989 is suspended for a period of six months, at which time, unless sooner vacated, the suspended portion will be remitted without further action.[1]

Pursuant to the pretrial agreement, the accused was released from confinement on 21 July 1989, and the remaining 30 days confinement was to be suspended. On 1 August 1989 a hearing was held to vacate the remaining 30 days of confinement due to the accused's post-trial misconduct. On 28 August 1989, the [OEGCMJ] approved the vacation of the suspended sentence.

 We agree with appellate defense counsel that "a suspension may only be vacated when there has been a violation of the conditions of that suspension" and that in this case the convening authority attempted to vacate a suspension which did not exist since he had not yet acted to suspend the required portion of the sentence.[2] Furthermore, as clearly stated in Rule for Courts–Martial 1109(b)(1), the violation precipitating the vacation must occur within the period of suspension. Consequently, the convening authority's action in confining appellant pending a vacation proceeding[3] and the action of the officer exercising general court-martial jurisdiction over appellant in approving the recommendation to vacate the "suspension" were erroneous.

Appellate government counsel agrees with appellant that appropriate relief consists of restoring forfeitures which had been ordered executed by the convening authority. We disagree. Appellant has suffered the ignominy of reentering confinement from which he had been recently released and additional, illegal confinement for 24 days. We will attempt to rectify the errors by disapproving all confinement and forfeitures.

Accordingly, the findings and only so much of the sentence as provides for a bad-conduct discharge are affirmed.

---

1. Because of our disposition, we do not need to reach the issue raised by the convening authority's retroactive suspension of confinement which had already run by operation of law under Article 57(b), UCMJ, 10 U.S.C. § 857(b).

2. *Cf.* Rule for Courts–Martial (R.C.M.) 1107(f)(4), Manual for Courts–Martial, United States, 1984.

3. *See* R.C.M. 1109(c).