*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

————————————

**UNITED STATES**
*Appellee*

**v.**

**John J. HAYS**
Hospital Corpsman Second Class (E-5), U.S. Navy
*Appellant*

**No. 202300275**

————————————

Decided: 30 April 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
John J. Stephens (arraignment and trial)
Derek Butler (Entry of Judgment)

Sentence adjudged 20 June 2023 by a general court-martial tried at Naval Station Great Lakes, Illinois, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 18 months, and a bad-conduct discharge.[1]

For Appellant:
*Commander Lindsay W. Pepi, JAGC, USN*

---

[1] Appellant was credited with serving 331 days of pretrial confinement. The convening authority suspended 6 months confinement pursuant to a plea agreement. The convening authority subsequently vacated the suspended confinement after a hearing.

For Appellee:
*Lieutenant Commander James P. Wu Zhu, JAGC, USN*
*Lieutenant Colonel Candace G. White, USMC*

Senior Judge DALY delivered the opinion of the Court, in which Judge GROSS and Judge de GROOT joined.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2(b).**

_____

DALY, Senior Judge:

Appellant was convicted, pursuant to his pleas, of absence without leave, drunken operation of a vehicle, communicating a threat, wrongful distribution of an intimate visual image, and assault consummated by a battery in violation of Articles 86, 113, 115, 117a, and 128 of the Uniform Code of Military Justice [UCMJ].[2]

Appellant asserts five assignments of error [AOE] which we reorder, rephrase, and consolidate as follows: (1) whether the convening authority lacked the power to vacate the suspended portion of Appellant's sentence because the misconduct occurred before the sentence was actually suspended by the convening authority; (2) whether Appellant was denied due process at his vacation hearing; and (3) whether the military judge abused his discretion in accepting Appellant's plea of guilty of wrongful distribution of an intimate visual image because there was an inadequate legal and factual basis to show the victim had a reasonable expectation of privacy. We have considered Appellant's third AOE and find it lacks merit and does not warrant discussion.[3] As to the remaining AOE, we find no prejudicial error and affirm.

---

[2] 10 U.S.C. §§ 886, 913, 915, 917a, 928.

[3] *See United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987).

## I. BACKGROUND

*1. Appellant's misconduct and his guilty plea*

Appellant met another Sailor on a dating application.[4] At one point in their conversation, the Sailor sent Appellant a video of himself masturbating. According to Appellant, the video was "very personal," in that Appellant could "clearly" see the Sailor's face and that the Sailor was in uniform, on base.[5] The Sailor asked Appellant not to share the video with others as it was "just for" Appellant.[6] Appellant subsequently threatened to distribute the video unless the Sailor allowed Appellant to perform oral sex on the Sailor and allow Appellant to watch the Sailor have sexual intercourse with another. The Sailor refused and reported Appellant to law enforcement.[7] Appellant distributed the Sailor's video to a separate service-member without the Sailor's consent.[8]

Shortly after this incident, Appellant left his unit, without authorization, and drove to Washington where he boarded a ferry to Alaska. He remained away from his unit for more than five months before he was apprehended by civilian law enforcement for driving under the influence of alcohol. Appellant's blood alcohol content was over twice the legal limit. Appellant was returned to his unit and his case proceeded to a general court-martial.[9]

Appellant entered into a plea agreement with the convening authority. As part of the plea agreement, the convening authority agreed "to suspend under R.C.M. 1109(f) any portion of [Appellant's] sentence that the military judge recommends suspending in the Statement of Trial Results."[10] Appellant agreed that if he committed misconduct, after the date of trial, but before the date of the entry of judgment, the convening authority may, "after first complying with notice and hearing requirements consistent with Article 72, UCMJ, and R.C.M.

---

[4] R. at 72; *see also* Pros. Ex. 1.

[5] R. at 72–76.

[6] R. at 76–77.

[7] R. at 86–89; *see also* Pros. Ex. 1.

[8] R. at 75.

[9] Appellant was also charged with and pleaded guilty to assault consummated by a battery for touching a female's legs without her consent and without any legal justification.

[10] App. Ex. I.

1108, vacate the portion of the sentence that was suspended as a result of the [m]ilitary [j]udge's recommendation."[11]

The military judge accepted Appellant's guilty plea, and he was sentenced to 18 months of confinement, reduction to E-1, and a bad-conduct discharge. The military judge recommended six months of confinement be suspended. The suspension was to run from the date of announcement of sentence. The military judge further explained to Appellant that, the convening authority had to honor his recommendation and explained that unless the suspension is vacated after "6 months *from today* . . . it goes away."[12] The convening authority later agreed to suspend six months of Appellant's sentence based on the recommendation of the military judge and in accordance with the plea agreement.[13]

### 2. Appellant's vacation hearing

Appellant completed his term of confinement (based on the six-month suspension) and was released. However, approximately one month later, Appellant was placed in pretrial confinement pending vacation proceedings for additional misconduct committed after his release.

The vacation hearing was completed on 17 August 2023. The vacation hearing officer (VHO), a Commander (O-5) and staff judge advocate, considered violations of wrongfully impersonating an officer and abusive sexual contact under Articles 106 and 120, UCMJ. Appellant's counsel made three objections at the vacation hearing.[14]

Appellant's first objection was that the suspension was not in effect at the time of the reported misconduct and therefore, there was no remaining sentence to be vacated. The VHO considered the plea agreement, the convening authority's letters on the effective date of the suspension, and the emails provided by Appellant's counsel. The VHO determined the convening authority complied with the plea agreement and Appellant understood the terms of the agreement. Specifically, the VHO found that the suspension began on the date the sentence was announced.[15]

---

[11] App. Ex. I.

[12] R. at 147 (emphasis added).

[13] There was confusion as to when the convening authority actually suspended the sentence given that the initial letter, signed the day after sentencing, was erroneously dated 13 August 2023. This was corrected on 4 August 2023.

[14] Appellant's counsel made a fourth objection regarding notice, however, that issue was not raised on appeal.

[15] Vacation Hearing Report at 4.

Appellant's second objection was that he remained shackled during the proceeding. Security personnel removed the waist part of the Appellant's shackles; however, he remained in handcuffs during the hearing. The VHO overruled the objection to unshackle Appellant because neither he nor the escorts had authority to remove the restraints. The VHO ensured Appellant was able to fully participate in the hearing and had ample time for health and comfort breaks, and meals. The VHO advised Appellant's counsel that he did not hold the presence of the restraints against him.

Lastly, Appellant objected to the Government's introduction of witness statements. The reported victims of the alleged post-trial misconduct were notified of the vacation hearing but declined to participate. The Government did not call any witnesses, rather the Government introduced written statements and recorded interviews. The VHO overruled the objection and considered the evidence.

The VHO prepared the Report of Proceedings to Vacate Suspension of a Court-Martial Sentence. The VHO recommended the convening authority vacate the suspension of six months of confinement. The convening authority considered the VHO's report as well as the Government and Defense exhibits introduced at the hearing. The convening authority vacated the suspension of six months of confinement.

Additional facts necessary to resolve Appellant's AOE are included in that discussion below.

## II. DISCUSSION

### A. The convening authority had the authority to vacate the suspended portion of Appellant's sentence.

*1. Law*

Interpretation of a plea agreement is a question of law, reviewed de novo.[16] A pretrial agreement is a contract between the accused and the convening authority.[17] Therefore, "we look to the basic principles of contract law when interpreting pretrial agreements."[18] *United States v. Lundy* provides further:

> Whether the government has complied with the material terms
> and conditions of an agreement presents a mixed question of law

---

[16] *United States v. Acevedo*, 50 M.J. 169 (C.A.A.F. 1999).

[17] *Id*. at 172.

[18] *Id*.

and fact. Generally, courts look to all the facts and circumstances for this determination, and the inquiry is generally considered a question of fact. In the context of pretrial agreements involving the constitutional rights of a military accused, we look not only to the terms of the agreement, or contract, but to the accused's understanding of the terms of an agreement as reflected in the record as a whole. Where, as here, the relevant facts are undisputed, the materiality determination necessarily reduces to a question of law. An appellant bears the burden to establish that there is a significant basis in law or fact to overturn a guilty plea.[19]

*2. Analysis*

Appellant argues the convening authority lacked the power to vacate the suspended portion of his sentence, because Appellant's post-trial misconduct occurred before the convening authority suspended the sentence (by his letter and by the convening authority's Action).[20] According to Appellant, "the suspended sentence was not in effect at the time of the alleged violations and thus could not have been vacated."[21] We disagree.

Appellant understood that the convening authority would be bound by the military judge's recommendation, which included the "timeline" for suspension.[22] The military judge subsequently recommended six months of confinement be suspended and the period began "from the date of announcement of sentence."[23] The record clearly shows Appellant understood the terms of the agreement and his understanding was consistent with that of the Government and the military judge.

Appellant incorrectly relies on *United States v. Schwab*, where the court held that the convening authority impermissibly vacated Private Schwab's

---

[19] 63 M.J. 299, 301 (C.A.A.F. 2006) (internal citations omitted).

[20] *United States v. Hunter*, 65 M.J. 399, 399 (C.A.A.F. 2008) (The United States Court of Appeals for the Armed Forces rejected that a misconduct provision in a [plea agreement] governing misconduct occurs before the convening authority acts pursuant to R.C.M. 1107 is per se impermissible under R.C.M. [1108] because R.C.M. [1108] requires that the withdrawal be during the "period of suspension," or after R.C.M. 1107 action.).

[21] Appellant's Br. at 20.

[22] R. at 144.

[23] R. at 146.

sentence. [24] The "period of suspension" in Private Schwab's case began on the date of the convening authority's action, based on the terms of the pretrial agreement in that case. *Schwab* is easily distinguished because all parties in Appellant's case agreed and understood that the suspension would run from the date that the sentence was announced.

Accordingly, the convening authority had authority to vacate Appellant's suspended sentence.

## B. Appellant suffered no due process violations during his vacation hearing.

### 1. Standard of review

Article 72, UCMJ, requires a hearing before the vacation of the suspension of any general court-martial sentence. The convening authority may detail a judge advocate to conduct the hearing. Such hearings are conducted in accordance with Rule for Courts-Martial [R.C.M.] 1108.[25]

We review the hearing record to determine if it was conducted in accordance with R.C.M. 1108. Review of post-trial processing is more than just a technical requirement. Such findings are basic to the concept of due process.[26] Finally, such findings are essential in order to complete the record for review by appellate authorities.[27] We have the authority to review a vacation proceeding to ensure that an appellant was afforded due process pursuant to the UCMJ. While the full scope and standard of our review has never been clearly articulated in the case law,[28] we find based on the above and *United States v. Moreno*,[29] proper completion of post-trial processing is a question of law that we review de novo.

---

[24] 30 M.J. 842 (N.M.C.M.R. 1990) (We found that the remitted sentence by the convening authority's action could not be vacated).

[25] Vacation hearings held pursuant to R.C.M. 1108, Manual Courts-Martial incorporate notice, witness and evidence procedures provided by R.C.M. 405, Manual Courts-Martial, a rule otherwise applicable to Article 32, preliminary hearings.

[26] *United States v. Bingham,* 3 M.J. 119, 123 (C.M.A. 1977).

[27] *United States v. Dupuis*, 10 M.J. 650, 653 (N.C.M.R. 1980).

[28] *United States v. Suttle*, No. 201100030, CCA LEXIS 178 (N-M. Ct. Crim. App. 31 Oct 2011) (unpublished).

[29] *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F 2006).

The United States Court of Appeals of the Armed Forces [CAAF] has applied the standards set forth by the Supreme Court in *Gagnon v. Scarpelli*[30] and *Morrissey v. Brewer*[31] to the military procedure for vacation proceedings.[32] This standard specifically includes the procedural safeguards of due process, that is, the right to "present witnesses and to confront and cross-examine adverse witnesses."[33] But the Court also found that these proceedings are not a criminal prosecution, and therefore, the full array of rights afforded in a criminal prosecution are generally not required.[34] The process should be "flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial."[35] Specifically, the Supreme Court stated, "we did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence."[36] Rule for Courts-Martial 1108(d)(3)(A) states that "the Government and probationer shall be afforded an opportunity to cross-examine adverse witnesses." The hearing officer may consider other evidence "in addition to *or in lieu of witness testimony . . .* offered by either side, that the hearing officer determines is reliable."[37]

*2. Discussion*

a. Appellant was not denied due process when the VHO considered statements in lieu of in-person testimony at the vacation hearing.

Appellant argues that the VHO must make a determination as to the "availability" of an adverse witness before the VHO can accept and consider affidavits, depositions, or documentary evidence in lieu of that witness's testimony.[38] Further, according to Appellant, the VHO here "made no inquiry into the availability of the adverse witnesses, nor did he ask for information about whether the witnesses would be subject to risk or harm," therefore, Appellant

---

[30] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[31] *Morrissey v. Brewer,* 408 U.S. 471 (1972).

[32] *Bingham*, 3 M.J. at 120.

[33] *Gagnon*, 411 U.S. at 782.

[34] *Bingham*, 3 M.J. at 121 (citing *Morrissey*, 408 U.S. at 485).

[35] *Morrissey*, 408 U.S. at 489.

[36] *Gagnon*, 411 U.S. at 782.

[37] R.C.M. 1108(d)(3)(E) (emphasis added)

[38] Appellant's Br. at 35.

argues that it was a violation of his due process rights for the VHO to have considered "the recorded statements as an alternative to testimony."[39]

The problem with Appellant's argument lies in his fundamental premise: R.C.M. 1108 does not require the VHO to make a determination as to the "availability" of a witness before the VHO can accept and consider written or recorded statements of that witness in lieu of his or her testimony.[40] Rather, R.C.M. 1108(d)(3)(E) requires the VHO to determine that the evidence offered in lieu of statements is "reliable." Admission of reliable out-of-court statements at a vacation hearing does not violate due process.[41]

Rule for Courts-Martial 1108(d)(3)(E) does not define "reliable" nor does the rule provide guidance to VHOs or courts in weighing reliability. Similarly, no court in the military justice system has interpreted or applied the term "reliable" in this context. Further, no court in the military justice system has determined the appropriate level of review when a VHO fails to find that the other evidence introduced was "reliable." In analogous contexts, our federal counterparts have provided some guidance.[42] Statements "given under oath," "replete with detail," "or supported by corroborating evidence" have been recognized as reliable.[43] Statements supported by an accused's admission or other

---

[39] Appellant's Br. at 35.

[40] Appellant's argument is equally flawed with regard to his premise that there must be a finding that the witness be subject to "risk or harm." *See* Appellant's Br. at 35–36. This exception does not apply to "other evidence" considered pursuant to R.C.M. 1108(d)(3)(E).

[41] *United States v. Mosley*, 759 F.3d 664, 667 (7th Cir. 2014) (citations omitted). *See also United States v. Williams*, 322 Fed.Appx. 846, 847 (11th Cir. 2009) ("Admission of hearsay evidence in revocation proceedings does not violate due process, as long as it bears some indicia of reliability."); *but see United States v. Williams*, 2025 U.S. App. LEXIS 8075, at *9 (4th Cir. Apr. 7, 2025) (applying Federal Rule of Criminal Procedure 32.1, the court noted in its analysis that "reliability is not the only relevant factor in assessing the weight of the releasee's confrontation interest" and that the court must also consider "the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be provided by the hearsay evidence.").

[42] *See United States v. Doswell*, 670 F.3d 526, 530–31 (4th Cir. 2012) (regardless of the amendments to Fed. R. Crim. P. 32.1, all circuit courts agree that reliability is a very important factor in determining the strength of a releasee's confrontation right) (citing *Curtis v. Chester*, 626 F.3d 540, 546 (10th Cir. 2010)).

[43] *United States v. Lloyd*, 566 F.3d 341, 345 (3d. Cir. 2009) (citing *United States v. Comito*, 177 F.3d 1166, 1171 (9th Cir. 1999); *United States v. Bell*, 785 F.2d 640, 644 (9th Cir. 1986); *Crawford v. Jackson*, 3232 F.3d 123, 131 (D.C. Cir. 2003); *United States*

independent testimony provided at the revocation hearing may also be considered reliable.[44] "Conversely, out-of-court statements reflecting an adversarial relationship with the accused . . . or containing multiple layers of hearsay . . . have been recognized as unreliable."[45] Moreover, in the federal context, if a district court fails to find that the statements were reliable, "there is no error so long as the record is sufficiently clear that the [out-of-court statements were] substantially trustworthy so as to establish good cause for not producing the declarants as live witnesses."[46]

In this case, the VHO failed to make a determination of reliability for the statements introduced in lieu of witness testimony.[47] However, after reviewing the record, it is clear that the statements introduced were sufficiently reliable. None of the witnesses knew Appellant prior to their interaction with him and thus none of the witnesses had an adversarial relationship to him. The statements themselves provided sufficient detail of the witness's personal encounters with Appellant and of his misconduct. The statements were also independently corroborated by other statements and by other evidence such as photographs, screenshots of messages, and call logs.

Appellant's due process rights were not infringed when the VHO considered the evidence in lieu of witness testimony given that the statements were sufficiently reliable, as required by R.C.M. 1108(d)(3)(E).

---

*v. Kelly*, 446 F.3d 688, 692 (7th Cir. 2006); *United States v. Martin*, 382 F.3d 840, 846 (8th Cir. 2004)).

[44] *Crawford*, 232 F.3d at 130 ("Crawford's admissions at the revocation hearing corroborate portions of the report recounting an altercation and its underlying circumstances."); *see also Kelly*, 446 F.3d at 692 (finding that the statements at issue were corroborated by the independent testimony of the responding law enforcement officer).

[45] *Lloyd*, 566 F.3d at 345 (citing *Comito*, 177 F.3d at 1171; *United States v. Fennell*, 65 F.3d 812, 813 (10th Cir. 1995); *Crawford*, 323 F.3d at 129).

[46] *Mosely*, 759 F.3d at 667 (quoting *Kelly*, 446 F.3d at 692) (internal quotations omitted) (cleaned up).

[47] Appellant further argues that the VHO inappropriately shifted the burden on Appellant when he overruled Appellant's objection on due process grounds. We need not address Appellant's argument given that we have independently reviewed the evidence introduced and have made an independent determination that the statements introduced were reliable.

b. Appellant was not denied due process when kept in handcuffs during his vacation hearing.

Appellant was not entitled to "the full panoply of rights due a defendant," at his vacation hearing.[48] The CAAF previously found no plain error in a member's trial where the appellant argued that it was possible the members saw him in restraints.[49] Similar to this case, the probationer in *United States v. Focia*, remained handcuffed during his revocation hearing, however, the United States Court of Appeals for the Eleventh Circuit held that it did not "present a constitutional concern . . . because a defendant can be shackled for security reasons and [the defendant] was not seen by a jury."[50]

Appellant's argument that his presence at the vacation hearing in handcuffs put him at a "disadvantage" and "may have made it easier for the VHO to order his continued confinement" is unsupported by the record.[51] The VHO, an experienced attorney, stated that he would not hold Appellant's shackled state against him, and Appellant points to no evidence to the contrary.

---

[48] *Morrissey*, 408 U.S. at 480.

[49] *United States v. Briggs*, 42 M.J. 367, 371 (C.A.A.F. 1995).

[50] 856 Fed. Appx. 830, 835, n. 2 (11th Cir. 2021). We recognize that Mr. Focia was a *pro se* litigant who offered a "scattershot collection of legal and constitutional assertions" on appeal. *Id.* at 832. Regardless of his *pro se* status, the court was presented with the issue regarding the use of restraints at vacation hearings and we find their analysis persuasive.

[51] Appellant's Br. at 41–42; *see also* DD Form 455 at 3.

c. The hearing report's lack of an evaluation of contested facts did not deny Appellant due process.

Rule for Courts-Martial 1108(d)(4) requires the VHO to create a summarized record of the hearing that must include the recommendation, the evidence relied upon, and the rationale supporting the recommendation.[52]

Relying on *United States v. Miley*, Appellant argues that the VHO's report was insufficient in that it did not include a summary or evaluation of the contested facts.[53] However, the hearing officer in *Miley* "chose to make a recommendation based on equitable grounds."[54] We have since elaborated on the requirement to include a summary or evaluation of contested facts, first in *United States v. Suttle*[55] and later in *United States v. Burchett*.[56] In both cases this Court found that we must review the report in the context of the entirety of the record, including the report's enclosures.

Here, the report included the Government's and Appellant's exhibits. Notably, there were no critical contested questions to resolve. Consequently, we find the report sufficient for appellate review purposes and deny Appellant's assignment of error.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[57]

However, we note that the Entry of Judgment [EOJ] does not accurately reflect the disposition of the charges and sentence. Here, the EOJ incorrectly included charges not referred, incorrectly numbered the additional charge, did not include the lesser included offense Appellant pleaded to in Charge II in the

---

[52] R.C.M. 1108(d)(4)

[53] Appellant's Br. at 44–48 (citing *United States v. Miley*, 59 M.J. 300, 304 (C.A.A.F. 2004)).

[54] *Miley*, 59 M.J. at 303, 305 (internal quotation and citation omitted).

[55] No. 201100030, 2011 CCA LEXIS 178, *19–25 (N-M. Ct. Crim. App. 31 Oct 2011) (unpublished).

[56] No. 200200121, 2004 CCA LEXIS 39, *9–12 (N-M. Ct. Crim. App. Feb. 27, 2004) (unpublished).

[57] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.

sentence to be entered, and failed to include the full adjudged sentence. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[58] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the EOJ and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[58] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202300275 |
| v. | **ENTRY OF JUDGMENT** |
| **John J. HAYS**<br>**Hospital Corpsman Second Class**<br>**(E-5), U.S. Navy** | |
| *Accused* | *As Modified on Appeal* |
| | **30 April 2025** |

On 20 June 2023, the Accused was tried at Naval Station Great Lakes, Illinois, by a general court-martial, consisting of a military judge sitting alone. Military Judge John K. Stephens presided and Military Judge Derek Butler completed the entry of judgment.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification:** **(ATTEMPTED SEXUAL ASSAULT) On or about 13 February 2022, attempt to commit a sexual act by threatening or placing the other person in fear.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge II:** **Violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885.**

*Plea:* Not guilty, but guilty to the lesser included offense, Article 86 – Absence without leave.

*Finding:* Guilty to the lesser included offense, Article 86 – Absence without leave.

**Specification:** **(DESERTION) On or about 8 March 2022 to on or about 13 August 2022, was absent without leave.**

*Plea:* Not guilty, but guilty to the lesser included offense, Article 86 – Absence without leave.

*Finding:* Guilty to the lesser included offense, Article 86 – Absence without leave. The greater offense was withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge IV:** **Violation of Article 113, Uniform Code of Military Justice, 10 U.S.C. § 913.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification:** **(DRUNKEN OPERATION OF A VEHICLE) On or about 13 August 2022.**

*Plea:* Guilty.

*Finding:* Guilty.

**Charge V:** **Violation of Article 115, Uniform Code of Military Justice, 10 U.S.C. § 915.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification:** **(COMMUNICATING A THREAT) On or about 13 February 2022.**

*Plea:* Guilty.

*Finding:* Guilty.

**Charge VI:** **Violation of Article 117a, Uniform Code of Military Justice, 10 U.S.C. § 917a.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification:**    **(WRONGFUL BROADCASE OR DISTRIBUTION OF INTIMATE VISUAL IMAGES) On or about 13 February 2022.**

*Plea:* Guilty.

*Finding:* Guilty.

**Charge VII:**  **Violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 1:**  **(SEXUAL ASSAULT WHILE ASLEEP) On or about 11 October 2020.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:**  **(SEXUAL ASSAULT WITHOUT CONSENT) On or about 11 October 2020.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge IX:**  **Violation of Article 127, Uniform Code of Military Justice, 10 U.S.C. § 927.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification:**    **(EXTORTION) On or about 13 February 2022.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge X:**  **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

*Plea: Not* Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 1:** **(PROSTITUTUION OR PATRONIZING A PROSTITUTE) On or about 19 February 2022.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 3:** **(POESSESS WITH INTENT TO DECEIVE A NAVAL COMMON ACCESS CARD WITH THE BIRTH YEAR SCRACHED OUT IN VIOLATION OF 18 U.S.C. 499) On or about 13 August 2022.**

*Plea: Not* Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Additional Charge:** **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification:** **(ASSAULT CONSUMATED BY A BATTERY) On or about 11 October 2020.**

*Plea:* Guilty.

*Finding:* Guilty.

**Charges III, IV, and Specification 2 of Charge X were not referred.**

## SENTENCE

On 20 June 2023, a military judge sentenced Hospital Corpsman Second Class Hays to the following:

**Reduction to pay grade E-1.**

**Confinement for a total of 18 months.**

> *Charge II (LIO Art 86, Absent without leave, sole specification): confinement for three months (two months recommended suspended).*
>
> *Charge IV (Art 113, Drunken operation of a vehicle, sole specification): confinement for three months (two months recommended suspended).*
>
> *Charge V (Art 115, Communicating a threat, sole specification): confinement for four months (one month recommended suspended).*

4

> *Charge VI (Art. 117a, Wrongful broadcast or distribution of intimate visual images, sole specification): confinement for four months (one month recommended suspended).*

> *Additional Charge (Art 128, Assault consummated by a battery, sole specification): confinement for six months.*

*Confinement will run concurrently.*

*A vacation hearing was conducted on 17 August 2023. Convening Authority concurred with Vacation Officer's recommendation and vacated the suspension of six months of Hospital Corpsman Second Class Hays's sentence.*

**Bad-Conduct Discharge.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court